**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JANIS L. HORTON,

Defendant-Appellant.

No. 96-3395
(D.C. No. 96-CV-3370)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Janis L. Horton, a pro se federal inmate, seeks a certificate of appealability to appeal the denial of her motion filed pursuant to 28 U.S.C. § 2255 after the district court dismissed the motion on the merits and denied a certificate of appealability. This appeal followed.

Ms. Horton filed her § 2255 motion seeking modification of her sentence due to ineffective assistance of counsel. She also sought dismissal of her conviction under 18 U.S.C. § 924(c)(1) in light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995).

Ms. Horton pled guilty to four counts of robbery and one count of the use of a firearm during the robbery charged in count one. She was sentenced to sixty months imprisonment on the four robbery counts to run concurrently and sixty months on the firearm charge to run consecutively.

Ms. Horton alleges counsel was ineffective because, at sentencing, counsel did not seek a further reduction of her sentence on the basis that she had committed the crimes under duress and coercion from her co-defendant, Mr. Bolton. The district court held that the issue of duress had been presented because counsel had emphasized that Ms. Horton was offered protection during Mr. Bolton's trial as he had tried to have her killed to prevent her testimony.

Ms. Horton contends Mr. Bolton threatened her numerous times during the course of the robberies and thus she was forced to assist him out of fear.

-2-

She correctly asserts that counsel did not present this issue to the district court. However, the record before us, including the presentence report, contains no report that Ms. Horton suffered duress over the course of the robberies. Without actual evidence that this duress occurred and was known to counsel at the time of sentencing, we may find no error on the part of counsel.[1]

In <u>Bailey</u>, the Supreme Court held that a § 924(c)(1) conviction for use of a firearm requires the defendant to have "actively employed the firearm during and in relation to the predicate crime." 116 S. Ct. at 509. The evidence here showed that Mr. Bolton held the gun to a restaurant employee's back while ordering him to get the cash. This use of the firearm satisfies the requirements of <u>Bailey</u>.

Ms. Horton contends, however, that because she did not personally use the firearm, her conviction under <u>Bailey</u> is invalid. Ms. Horton was charged under 18 U.S.C. § 2 which provides that anyone who aids or abets in the commission of a crime against the United States is punishable as a principal. Under § 2, Ms. Horton needed only to assist Mr. Bolton by associating herself with the venture, participating in it to bring it about, or acting to make it succeed.

---

[1] The record contains an affidavit by Ms. Horton detailing the duress she suffered at the hands of Mr. Bolton. However, this affidavit is dated after her sentencing and, thus, cannot be used to support a claim of knowledge of these assertions on the part of counsel at the time of sentencing.

See United States v. Uresti-Hernandez, 968 F.2d 1042, 1045 (10th Cir. 1992).

At her plea hearing, Ms. Horton admitted she helped in the robberies by driving the getaway car and she knew a gun was used. Ms. Horton's admissions satisfy the requirements of § 2. Her conviction under § 924(c) was proper. See, e.g., United States v. Simpson, 979 F.2d 1282, 1285-86 (8th Cir. 1992).

Ms. Horton has failed to make a substantial showing of the denial of a federal constitutional right. We, therefore, DENY her request for a certificate of appealability and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge